IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID S. ELDRIDGE, )
)
        Plaintiff, )
)
v. ) Case No. CIV-19-115-R
)
EQUIFAX, INC., *et al.*, )
)
        Defendants. )

# ORDER

Before this Court is Defendant First Premier Bank's Motion to Dismiss (Doc. 32). Plaintiff has responded (Doc. 39), Defendant has replied (Doc. 44), and the matter is fully briefed and at issue.[1] For the reasons stated herein, Defendant's motion is GRANTED.

A plaintiff's complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).[2] Operationalizing the Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "is 'a middle ground between heightened fact pleading . . . and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir.

---

[1] On March 6, 2019, Plaintiff filed a "*Riposte* to First Premier Bank's *Reply*" brief. *See* Doc. 54. The Court construes this document as a surreply and declines to consider it, as Plaintiff may not file a surreply without leave of court. *See* LCvR7.1(i) ("Supplemental briefs may be filed only upon motion and leave of court.").
[2] A legally-sufficient complaint must also include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." *Id.*

1

2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). That is, the plaintiff's complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1192 (internal quotation marks and citations omitted). While assessing plausibility is "a context-specific task . . . requir[ing] . . . court[s] to draw on [their] judicial experience and common sense," *Iqbal*, 556 U.S. at 679, complaints "'plead[ing] factual content that allows the court to . . . reasonabl[y] infer[] that the defendant is liable for the misconduct alleged'" are facially plausible. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). And though the Court liberally construes Plaintiff's *pro se* complaint, it "will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("Although we must liberally construe plaintiff's factual allegations, we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded." (citations omitted)).[3]

---

[3] Plaintiff lists himself as "Esquire Emeritus," *see* Doc. 1-1, at 4, and the Oklahoma Bar Association's website shows that he has a suspended senior membership. Thus, it is unclear whether Plaintiff is still a licensed attorney, though it would appear he once was. Regardless, the Court liberally construes his filings, even though *pro se* attorneys are typically not entitled to such construal. *See Smith v. Prati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("While we are generally obliged to construe pro se pleadings liberally, we decline to do so here because [plaintiff] is a licensed attorney." (citations omitted)).

According to the sparse allegations in Plaintiff's complaint, Defendant contends Plaintiff owes it money and has reported this contention to credit reporting agencies Equifax, Experian, and TransUnion. *See* Doc. 1-1, at 1–2. According to Plaintiff, Defendant's actions violate the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; and the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. § 751 *et seq. See* Doc. 1-1, at 2–3. As well, Plaintiff alleges that Defendant's conduct constitutes common-law fraud. *Id*.

Plaintiff's complaint fails to meet Rule 8's standard. Notably, Plaintiff seems to admit in his response that his complaint is deficient, stating, "First Premier Bank . . . is the only one out of . . . 19 parties in this lawsuit who figured out that . . . the Plaintiff did not comply with Fed. R. Civ. P. 8(a)(2)." Doc. 39, at 1. If this is sarcasm, it does not leap off the page. Regardless, the complaint's sufficiency turns not on Plaintiff's editorializing: the complaint is inadequate on its own. First, Plaintiff pleads insufficient factual content to show that Defendant violated the OCPA. Plaintiff claims Defendant has violated Section 753(20) of the statute by committing "unfair or deceptive trade practice[s] as defined in Section 752." 15 O.S. § 753(20). A "[d]eceptive trade practice" is "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person," while an "[u]nfair trade practice" is "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id*. § 752(13)–(14). This Court has held that Oklahoma "intended to limit application of the [OCPA] to problems arising between buyers and sellers," such that debt collection activities do not fall within

its ambit. *See Melvin v. Nationwide Debt Recovery, Inc.*, No. 00–CV–212, 2000 WL 33950122 (W.D. Okla. Aug. 24, 2000).[4] Plaintiff offers hardly any facts at all, but to the extent that he does implicate Defendant in some activity, that activity appears to be related to debt collection—or, more broadly, conduct between a lender and borrower. Thus, such a claim would not fall within the OCPA's scope. Accordingly, Plaintiff fails to state a claim under the OCPA against Defendant.[5]

Plaintiff's additional claims against Defendant fare no better. Plaintiff's FCRA claim fails because he lacks a private right of action against Defendant for the purported violations he has pled. *See Whisenant v. First Nat'l Bank & Tr. Co.*, 258 F. Supp. 2d 1312 (N.D. Okla. 2003). The "FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002). As Plaintiff only alleges that Defendant falsely claimed it was owed money and reported this false claim to credit reporting agencies, Plaintiff seems to be asserting a FCRA claim based on Defendant's purported status as a furnisher of information. The FCRA imposes two duties on furnishers of information: "(1) the duty to provide accurate information; and (2) the duty to investigate the accuracy of reported

---

[4] The OCPA's emphasis on "consumer transactions," defined as "advertising, offering for sale or purchase, sale, purchase, or distribution of any services or any property, tangible or intangible, real, personal, or mixed, or . . . thing of value wherever located, for purposes that are personal, household, or business oriented," along with the OCPA's failure to mention debt collection, led the Court to interpret the statute narrowly. *See Melvin*, 2000 WL 33950122; *see also* 15. O.S. § 752(2).

[5] This Court's reading of the OCPA is also fatal to Plaintiff's fifth claim—that Defendant's failure to register with the Oklahoma Secretary of State to do business in Oklahoma constitutes an unfair and deceptive trade practice. *See* Doc. 1-1, at 3. Apart from pleading insufficient facts to state this claim, Plaintiff does not show how such a failure to register relates to the OCPA's focus on consumer transactions.

information upon receiving notice of a dispute." *Ilodianya v. Capital One Bank USA NA*, 853 F. Supp. 2d 772, 773 (E.D. Ark. 2012) (citing 15 U.S.C. § 1681s-2(a)–(b)). But the FCRA creates no private right of action for an information furnisher's violation of its duty to provide accurate information. *Id.* at 774 (citing 15 U.S.C. § 1681s-2(c)(1)); *Whisenant*, 258 F. Supp. 2d at 1316. And while a private right of action exists for violations of an information furnisher's duty to investigate the accuracy of reported information, this duty only arises after the furnisher receives notice of a dispute from a consumer reporting agency. *Id.* at 1316–17. Plaintiff offers no facts indicating Defendant received any notice. Thus, Plaintiff's attempts to state a FCRA claim fail.

As to the FDCPA, Plaintiff's complaint is deficient. The FDCPA applies to "debt collectors," a defined term in the statute, but Plaintiff fails to allege that Defendant is a debt collector. *See* 15 U.S.C. §§ 1692a(6), 1692k. Indeed, Plaintiff's conclusory averment that Defendant "violat[ed] . . . the [FDCPA] in attempting to collect debts that are not owed," Doc. 1-1, at 3, is simply insufficient to meet Rule 8's threshold. Finally, Plaintiff unsuccessfully pleads a fraud claim against Defendant. The Federal Rules of Civil Procedure require parties "alleging fraud" to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Plaintiff's factual contentions are anything but particular.

Plaintiff fails to state any claim against Defendant. Accordingly, Defendant First Premier Bank's motion to dismiss (Doc. 32) is hereby GRANTED, and Plaintiff's complaint against First Premier Bank is DISMISSED without prejudice.[6]

IT IS SO ORDERED this 13th day of March, 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] If Plaintiff moves to amend his pleadings or file a new complaint in light of this order, he should do so with more professionalism and sincerity than he has demonstrated to this point. Rather than addressing the merits of Defendant's motion or assisting the Court in adjudicating this matter, Plaintiff used his filings to opine on (1) *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); (2) Jesus Christ's expulsion of the money changers from the temple; (3) the Field Code; (4) dancing bears; (5) the thirteenth-century English Chancery Court; (6) the expression "King's X"; (7) the fictional children's characters Winnie the Pooh and Tigger; (8) Defendant's "sin," "chutzpah," and "élan"; and (9) a 1990 Chicago Tribune article detailing Citibank's investments in South Dakota. *See* Docs. 39, 54. Such irrelevant musings, frequently offered in a cavalier and snide tone, are unhelpful and frowned upon—to put it mildly. Given that other defendants remain in this suit, Plaintiff should consider how he conducts himself going forward.